SCOTT N. SCHOOLS (SC 9990)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

BRIGID S. MARTIN (CASBN 231705)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102
    Telephone: (415) 436-7129
    Facsimile: (415) 436-7234
    Email: brigid.martin2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07-0099 JSW |
| Plaintiff, | [~~PROPOSED~~] ORDER OF DETENTION PENDING TRIAL |
| v. | |
| BYRON ROBERTSON, a/k/a Byron Robbins, | |
| Defendant. | |

    This matter came before the Court on March 6, 2007, for a detention hearing. Defendant Byron Robertson was present and represented by Assistant Federal Public Defender Joshua Cohen. Special Assistant United States Attorney Brigid Martin appeared for the United States of America.

    Pretrial Services submitted a report to the Court and the parties. The report recommended detention, and a representative of Pretrial Services was present at the hearing. The United States requested detention, and the defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

    Upon consideration of the facts, proffers, and arguments presented, the Court finds by clear and convincing evidence that no condition or combination or conditions of release will

[~~proposed~~] DETENTION ORDER – ROBERTSON
CR 07-0099 JSW

1 reasonably assure the safety of the community. Accordingly, the Court concludes that the
2 defendant must be detained pending trial in this matter.
3     The present order supplements the Court's findings at the detention hearing and serves as
4 written findings of fact and a written statement of the reasons for the detention as required by 18
5 U.S.C. § 3142(i)(1).
6     The Bail Reform Act of 1984, 18 U.S.C. §§ 3141– 50, sets forth four factors that the
7 Court must consider in determining whether pretrial detention is warranted. These factors are:
8     (1) the nature and circumstances of the offense charged (§ 3142(g)(1));
9     (2) the weight of the evidence against the person (§ 3142(g)(2));
10     (3) the history and characteristics of the person including, among other
11     considerations, character, employment, family, and past conduct and criminal
12     history (§ 3142(g)(3)); and
13     (4) the nature and seriousness of the danger to any person or the community that
14     would be posed by the person's release (§ 3142(g)(4)).
15     With regard to the first factor, the nature and circumstances of the offense charged, the
16 captioned Indictment charges defendant with unlawful possession of a firearm, in violation of 18
17 U.S.C. § 922(g)(1), and possession with intent to distribute a controlled substance in violation of
18 21 U.S.C. § 841(a)(1). The Controlled Substances Act (21 U.S.C. § 801 et seq.), prescribes a
19 maximum term of imprisonment of ten years or more for a violation of 21 U.S.C. § 841(a)(1)
20 and, therefore, under § 3142(e), a rebuttable presumption arises that no condition or combination
21 of conditions will reasonably assure the safety of any other person and the community.
22     The Court further finds that the third factor, the history and characteristics of the
23 defendant; and the fourth factor, the nature and seriousness of the danger to the community
24 posed by the defendant's release, militate in favor of detention. The Pretrial Services Report
25 confirms the defendant has an extensive criminal history. Within the last twelve years, the
26 defendant has received seven convictions, including two convictions for carrying a concealed
27 weapon, one of which was a felony. The defendant's record reveals that he has violated
28 probation twelve times.

[~~proposed~~] DETENTION ORDER – ROBERTSON
CR 07-0099 JSW                                                2

In fact, at the time the defendant was arrested for the instant offenses, he was on probation following conviction of purchase for sale or possession with intent to sell cocaine base. The defendant's numerous probation violations suggest that, even under supervision, the defendant will continue to commit crimes and, therefore, presents an ongoing threat to the safety of the community. The Court finds no indications in the defendant's background to indicate the kind of reliability that would reasonably assure the safety of the community upon the defendant's release.

Accordingly, based on all of the evidence above, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

Pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General or confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or upon request of an attorney for the United States, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

DATED: March 8, 2007



JOSEPH C. SPERO
United States Magistrate Judge